**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.B., K.S., and J.N.**

**No. 22-663** (Jackson County 20-JA-91, 20-JA-92, 20-JA-93)

**MEMORANDUM DECISION**

Petitioner mother J.H.[1] appeals the Circuit Court of Jackson County's July 11, 2022, order terminating her parental rights to L.B., K.S., and J.N.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On November 6, 2020, the DHHR filed a petition alleging that petitioner physically and emotionally abused her children, L.B., K.S., and J.N. Specifically, the petition alleged that L.B. and K.S. disclosed that petitioner kicked, bit, choked, and threatened them repeatedly, including threatening to kill them. On February 5, 2021, the court took in camera testimony of L.B. and K.S. Prior to the in camera testimony, the parties were given an opportunity to submit questions for purposes of cross-examination. Petitioner did not submit any questions. Following the in camera testimony, the court entered an order, pursuant to Rule 8(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, where the court "elect[ed] not to make the transcripts available to the attorneys based on exceptional circumstances existing."[3] Following petitioner's oral motion to obtain access to the transcripts, the court entered an additional order denying this motion, finding that, under Rule 8(b), "exceptional circumstances exist[ed] such that

---

[1]Petitioner appears by counsel Roger L. Lambert. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Ryan M. Ruth appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]As more fully set forth below, the circuit court's order also provided that it was "excluding" the testimony under Rule 8(a) and "sealing" the testimony under Rule 8(c). However, the ruling directly relevant to petitioner's assignment of error is that electing not to make the transcript of the testimony available to the parties.

the [c]ourt shall not make the recording available to [c]ounsel," including evidence of long-term physical abuse, disclosures of threats to kill the children, and petitioner's forensic psychological evaluation which indicated that the examiner was "very concerned about [petitioner's] possible retaliation against the children."

Because petitioner challenges only the court's rulings concerning the children's in camera testimony, it is unnecessary to belabor the procedural history below. After an adjudicatory hearing, the court adjudicated petitioner as an abusive mother to L.B., K.S., and J.N. Following a disposition hearing held on June 6, 2022, the court terminated petitioner's parental and custodial rights by order entered on July 11, 2022, finding that there was no reasonable likelihood the conditions of abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was consistent with "the general welfare and best interest" of the children.[4] The court took judicial notice of the children's in camera testimony at both the adjudicatory hearing and dispositional hearing. It is from the circuit court's final dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, petitioner argues that the circuit court erred when it excluded the children's in camera testimony but continued to take judicial notice of the testimony. Specifically, petitioner argues that the circuit court conflated Rules 8(a) and (b) of the Rules of Procedure for Child Abuse and Neglect Proceedings by taking the testimony, excluding the testimony, and then taking judicial notice of the testimony. Second, petitioner argues that the circuit court erred in failing to provide transcripts of the testimony to her attorney. Upon our review, we find that petitioner is entitled to no relief.[5]

Petitioner is correct in arguing that the court conflated Rule 8(a) and Rule 8(b) when ruling on testimony it had already taken. Rule 8(a) details restrictions on whether a child should testify, stating that "there shall be a rebuttable presumption that the potential psychological harm to the child outweighs *the necessity* of the child's testimony" and that "the court shall exclude this testimony if the potential psychological harm to the child outweighs *the necessity* of the child's testimony." (Emphasis added). Rule 8(b), however, assumes that the threshold determination as to whether to take a child's testimony has been resolved and outlines the procedure for taking that

---

[4]The permanency plan for the children is to remain in the custody of their respective fathers.

[5]On appeal, petitioner also challenges the circuit court's ruling "sealing" the testimony under Rule 8(c). However, Rule 8(c) provides for sealing of testimony where the "interview was recorded *and disclosed to the attorneys*." (Emphasis added). Because the testimony in this case was never disclosed to the attorneys, we find it unnecessary to address any rulings on the circuit court's sealing under Rule 8(c). Further, petitioner takes issue not with the circuit court's "sealing" of the testimony as provided for in Rule 8(c), but with the circuit court's decision to withhold the transcripts from the attorneys under Rule 8(b). Accordingly, it is unnecessary to address any ruling concerning "sealing" testimony under Rule 8(c) in order to resolve petitioner's lone assignment of error before this Court.

testimony. Rule 8(b) also sets forth restrictions on the *release* of that testimony, in exceptional circumstances.

Although the circuit court's order stated that the court was excluding the testimony of the children under Rule 8(a), a plain reading of the rule makes it clear that section (a) guides the court's decision in whether or not the child *should testify*, not whether or not the child's testimony, already taken, should be "excluded from the case." Where a circuit court finds, under Rule 8(a), that the potential psychological harm to the child outweighs the necessity of the child's testimony, the court should exclude the child from providing testimony at all. Thus, although the court's order stated that the testimony was excluded, the testimony, in effect, was not excluded pursuant to Rule 8(a), because the court already heard the testimony.

However, there is no evidence in the record to suggest that the court's misapplication of Rule 8(a) resulted in prejudice to the petitioner. Before this Court, petitioner argues that if the circuit court had excluded the testimony before taking it, "there would have been no such testimony for use . . . throughout the proceedings." However, this argument ignores the fact that Rule 8(a) permits the exclusion of such testimony only where, among other requirements, "the equivalent evidence can be procured through other reasonable efforts." As such, petitioner's argument that there would have been no evidence on these points is without merit because the testimony could only be excluded where equivalent evidence is available. Further, petitioner did not object to the taking of in camera testimony of the children and, although given the opportunity to submit questions for cross-examination purposes, failed to do so. We have previously recognized "that the circuit court's failure to strictly comply with [Rule 8] does not constitute a substantial frustration or disregard of the applicable rules and statutes such that vacation of the circuit court's final order is warranted." *In re K.R. and J.R.*, No. 17-1012, 2018 WL 1709713, at *5 (W. Va. Apr. 9, 2018)(memorandum decision). Accordingly, we find that petitioner is entitled to no relief.

Next, petitioner argues that she was prejudiced by the court's decision not to release the recorded interviews which "depriv[ed] her of the opportunity to respond to the allegations made therein." However, Rule 8(b) provides for circumstances in which the circuit court is permitted to not release the transcript or recording to parties in the case. Specifically, Rule 8(b) states that "[u]nder exceptional circumstances, the court may elect not to make the recording available to the attorneys but must place the basis for the finding of exceptional circumstances on the record." A plain reading of Rule 8(b) makes it clear that the circuit court has discretion to withhold the recording where exceptional circumstances exist.

In the initial order to withhold transcripts of the in camera testimony, the court clearly stated, "[p]ursuant to Rule 8(b) of Child Abuse and Neglect Proceedings, the [c]ourt does elect not to make the transcripts available to the attorneys based on exceptional circumstances existing." The circuit court's subsequent order denying petitioner's oral motion to obtain access to the transcripts of the testimony expands on this ruling. In the order, the court highlighted evidence from the CAC interviews of the children, noting that the children gave firsthand accounts of severe physical abuse over a period of years. Additionally, the court considered petitioner's psychological evaluation, where the examiner made specific findings that the petitioner "openly accused her children of lying about the abuse they experienced" and that "the examiner is very concerned about [petitioner's] possible retaliation against the children."

We have previously found that withholding in camera testimony from counsel where the record showed that the children feared the parent did not constitute a substantial disregard or frustration of the applicable rules such that vacation was warranted, even where the circuit court did not specifically make a finding of "exceptional circumstances." *In re B.C., M.E.-1, and N.E.*, No. 18-1095, 2019 WL 2453279 (W. Va. June 12, 2019)(memorandum decision). Here, the circuit court entered two orders specifically finding that exceptional circumstances existed. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 11, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 26, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

WOOTON, J., dissenting:

Petitioner mother appeals termination of her parental rights upon allegations of severe emotional and physical abuse. Prior to the adjudication, the circuit court elected to take in camera testimony of the children, without the presence of the attorneys. Petitioner's counsel was invited to provide written questions in advance but did not do so. Subsequently, the court entered an order "excluding" their testimony, "sealing" their testimony, and finding "exceptional circumstances" to avoid releasing the transcript to petitioner. Despite "excluding" the testimony, it then took "judicial notice" of their testimony and adjudicated petitioner abusive and neglectful.

Rule of Procedure for Child Abuse and Neglect Proceedings 8(b) provides that in camera interviews, without the presence of attorneys, may be taken as long as the transcript is provided. It further provides, however, that in "exceptional circumstances" the transcript may be withheld from the attorneys:

> The court may conduct in camera interviews of a minor child, outside the presence of the parent(s). The parties' attorneys shall be allowed to attend such interviews, except when the court determines

4

that the presence of attorneys will be especially intimidating to the child witness. When attorneys are not allowed to be present for in camera interviews of a child, the court shall, unless otherwise agreed by the parties, have the interview electronically or stenographically recorded and make the recording available to the attorneys before the evidentiary hearing resumes. *Under exceptional circumstances, the court may elect not to make the recording available to the attorneys but must place the basis for a finding of exceptional circumstances on the record. Under these exceptional circumstances, the recording only will be available for review by the Supreme Court of Appeals.*

*Id*. (emphasis added).

I find this problematic; it is unclear to me how a parent is to defend against such allegations without knowing the details of the children's testimony. I recognize the Rule allows for this, but it appears the Constitutional implications of this Rule (which is a Court-created Rule) have not been evaluated by this Court. Further, the Rule makes clear that "exceptional circumstances" must exist: here, the court merely indicated that petitioner had previously accused the children of lying and a *psychological examiner* (not the children) "feared retaliation" by petitioner. That does not seem particularly "extraordinary" nor necessarily well-founded; certainly the specter of retaliation is present in *any* case involving allegations of abuse and the fact that petitioner maintains the abuse allegations are false only underscores petitioner's need for this information. Further, the fact that petitioner elected not to submit questions is of no moment: how would petitioner have any idea what questions to ask? Inconsistencies, impeachable details, and exculpatory information can only be adduced by an accused parent if the "judicially noticed" testimony is made available.

Finally, in other cases that have dealt with this Rule the attorneys have either been present or been provided the transcript. This Court has not yet carefully examined a factually similar case; in the memo decision cited in support of affirming there was evidence the *children* "feared" the petitioner, there was substantial other evidence, and a psychological evaluation of the child outlining the allegations was provided. Here, the court took judicial notice of the children's testimony, but the memo decision does not indicate the extent and substance of the other evidence available to petitioner.

For these reasons I believe this case warrants closer review and would place it on the Rule 20 argument docket. Accordingly, I respectfully dissent.